United States District Court
District of Massachusetts

| | |
|---|---|
| Ulas Avci ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-12577-NMG |
| Megan J. Brennan, Postmaster ) | |
| General ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations of harassment and disparate treatment brought by plaintiff Ulas Avci, appearing pro se, against defendant Megan J. Brennan, Postmaster General of the United States Postal Service ("USPS").

Shortly after plaintiff filed an amended complaint, in August, 2016, he filed a motion for entry of default pursuant to Fed. R. Civ. P. 55(a). Defendant responded with a motion to transfer this action to the United States District Court for the Southern District of New York. For the following reasons, plaintiff's motion for entry of default will be denied and defendant's motion to transfer will be allowed.

I. **Background**

Ulas Avci is a former employee of the USPS New York International Service Center in Jamaica, New York. Avci's

claims arise out of alleged incidents of harassment and disparate treatment he purportedly experienced while working in that facility.

Avci had been living in New York State at least until the time defendant filed her motion to transfer venue. Plaintiff's current mailing address on record, however, indicates that he is now a resident of Maryland.

In June, 2015, plaintiff filed this action.[1] Several months later, defendant moved to strike plaintiff's complaint. United States Magistrate Judge Donald L. Cabell authored a Report and Recommendation ("R&R"), in May, 2016, recommending allowance of the motion to strike but permission for plaintiff to file an amended complaint. That R&R was accepted and adopted by this Court and plaintiff subsequently filed an amended complaint in August, 2016 raising claims of harassment and disparate treatment. Approximately three weeks later, he moved for an entry of default and defendant responded with a motion to transfer the case. Those two motions are the subjects of this memorandum.

---

[1] A year earlier, in June, 2014, plaintiff filed a similar complaint against the Postmaster General for alleged civil rights violations during his employment with the USPS in Massachusetts. That case is also assigned to this session.

## II. Plaintiff's Motion for Entry of Default

Pursuant to Fed. R. Civ. P. 55(c), an entry of default can be set aside for "good cause". That standard is a "liberal one" based upon the policy justification that actions should be resolved on their merits. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Such an analysis also applies to the circumstance here, where the Court is faced with a request for entry of default and the defendant has made an appearance. See Schmir v. Prudential Ins. Co. of Am., 220 F.R.D. 4, 5 (D. Me. 2004) (citing McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996)).

Defendant admits that she erred in calculating the deadline for responding to plaintiff's amended complaint. Because defendant missed the deadline to respond by only a few days and she has filed a plausible motion to transfer, the Court concludes that there is good cause to deny plaintiff's motion for an entry of default. See Coon, 867 F.2d at 76-77 (the existence of a "meritorious defense" is a factor in the "good cause" analysis).

## III. Defendant's Motion to Transfer

### A. Legal Standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the

interest of justice." In order for the court to transfer under § 1404(a), it must be shown that the case could have been properly brought in the transferee forum. In a discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum. Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012) (citation omitted). Unless the balance strongly favors the defendant, "a plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The defendant must bear the burden of proving that a transfer is warranted. Momenta Pharm., 841 F. Supp 2d at 522. Factors to be considered in determining whether transfer is warranted include 1) the plaintiff's choice of forum, 2) the

relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake. Id.

**B.   Application**

Neither party challenges this Court's exercise of personal jurisdiction nor do they contend that venue is improper. Defendant asks this Court, however, to transfer this action to the United States District Court for the Southern District of New York ("S.D.N.Y."), pursuant to 28 U.S.C. § 1404(a).

As a threshold matter, the Court concludes that S.D.N.Y. is a proper venue because the alleged conduct occurred in the State of New York. See 42 U.S.C. § 2000e-5(f)(3) ("[A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . ." (emphasis added)).

Second, the Court concludes that the factors strongly favor transfer.

The "relative convenience" factor does not favor either venue.  Although plaintiff lived in New York until the date on which defendant filed her motion to transfer, his mailing address of record indicates that he resides in Maryland. Although Maryland is closer to New York than to Massachusetts, plaintiff would have to travel no matter where this action is

maintained. See Bader v. Air Line Pilots Ass'n, Int'l, 63 F. Supp. 3d 29, 35 (D.D.C. 2014) (concluding that the convenience factor does not favor either party because plaintiffs would have to travel to either venue).

The third and fourth factors, however, strongly favor transfer. First, plaintiff's amended complaint in this case contains only allegations against USPS personnel in New York not in Massachusetts and thus the witnesses and documents are presumably located there. See Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991) (quoting Brant Point Constr. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987)). Moreover, the connection between the two pending actions is minimal. Taking plaintiff's allegations as true, as the Court must do, certain employees in New York perhaps knew about plaintiff's EEOC complaint involving allegedly improper conduct during his previous employment with USPS in Massachusetts. Such a small link, however, does not weigh against transfer because the operative conduct complained of in this action occurred exclusively in New York. See United States ex rel. Ondis v. City of Woonsocket, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (transferring case to United States District Court for the District of Rhode Island where all the complained-of events took place in Rhode Island except for the receipt of allegedly false claims which occurred in Massachusetts).

Although there is a presumption in favor of a plaintiff's choice of forum, when, as in this action, the forum has little connection to the case and plaintiff is not a resident of the forum, his choice is given less weight. See id.

Accordingly, because factors three and four compellingly favor transfer, the Court concludes that, on balance, the case should be transferred to the Southern District of New York.

**ORDER**

For the forgoing reasons,

1) plaintiff's motion for entry of default (Docket No. 49) is **DENIED** and

2) defendant's motion to transfer (Docket No. 51) is **ALLOWED**.

The Clerk of Court will process the transfer of this case to the United States District Court for the Southern District of New York.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated February 7, 2017